6   133
96   463

## WATSON, Adm'r. v. MAY.

1. A stranger to a judgment or decree of the orphans' court, cannot carry it by
   *certiorari* to the circuit court ; and if the circuit court should determine on the
   errors assigned, its judgment will be reversed and remanded, that the order
   granting the *certiorari* may be quashed; and this may be done on the applica-
   tion of the party at whose instance the cause was removed into the circuit court.

Error to the Circuit Court of Sumter.

The defendant in error, as administrator of one Easly, made
a settlement of the estate with the Judge of the county court of
Sumter, by which it was ascertained that the administrator had
paid out for the estate beyond the amount of assets received by
him, the sum of $1,650 89, and for this sum, a judgment was
rendered in his favor.    Subsequent to this, he resigned his ad-
ministration, and the plaintiff in error was appointed administra-
tor *de bonis non* of the estate.

Execution having issued on the judgment, in favor of May
against the administrator *de bonis non*, he presented a petition to
the Judge of the circuit court, praying an order for a *certiorari*, to
bring up the cause, and for further relief.

The judge having granted the petition, the record was remov-
ed into the circuit court, where the plaintiff in error assigned for

error, 1. The rendition of the judgment in favor of May. 2. That no order or publication for a settlement was ever made in said cause.

The court reversed the judgment rendered in favor of May, but affirmed the judgment in all other respects. From this judgment, the plaintiff in the circuit court prosecutes this writ of error.

BOYD and CORNICK, for plaintiff in error.
LYON, contra.

ORMOND, J.—The judgment of the orphan's court in favor of May, if available for any purpose, certainly could not in any manner affect the plaintiff in error, who was no party to it. The execution, which it appears issued on it, it is true, was wholly unwarranted, and should have been superseded, and quashed by the court out of which it issued. Beyond this, the plaintiff in error was not injured, and had no right to intermeddle with it.

It follows, necessarily, that as the removal of the record into the circuit court was, on the application of a stranger to the judgment, that the circuit court did not obtain jurisdiction, and had no right, either to reverse or affirm the decree of the county court.

It is conceded, that the orphans' court had no power to render a judgment in favor of May, but it is insisted, that the settlement made by the court, ascertaining a balance due him, is conclusive of that fact. How far that settlement is binding on those interested in the estate, depends altogether on the fact, whether it was made according to law, a question which, although argued, this court has no power to settle, as it cannot take jurisdiction of the case.

The case of Merrill v. Jones, [8 Porter, 554,] is in principle, like this. There, the circuit court had entertained an appeal from an interlocutory order of the county court, and affirmed its judgment, from which judgment a writ of error was prosecuted to this court, and this court reversed the judgment of the circuit court, although the appeal and writ of error were prosecuted by the same person, on the ground that such a judgment, if permitted to stand, would operate as a bar to a review of the same matter, when presented on error or appeal, after a final judgment.

So, in this case, if the judgment of the circuit court, affirming

the settlement of the county court, is permitted to stand, it might operate as a bar to an inquiry into its validity, when sought to be enforced against the estate of the deceased, or those interested in it.

In proceeding to take jurisdiction of the cause at the instance of a stranger to the judgment, and in determining on the errors assigned, the circuit court erred, and its judgment is therefore reversed, and the cause remanded, that the order granting the *certiorari*, may be quashed, as having improvidently issued.