42   437
96   463

# SOUTHERN EXPRESS COMPANY *vs.* CARROLL.

[ACTION AGAINST COMMON CARRIER.]

1. *Corporation; proof of service to sustain judgment by default.*—To sustain a judgment by default against a corporation, it is requisite that it should appear otherwise than by the sheriff's return, or the clerk's statement, that the person upon whom the summons and complaint were served, occupied such relation to the defendant, that the defendant could legally be made a party by service on such person.    Section 2569, (2170), Revised Code, does not authorize proof, either by the plaintiff's affidavit, or by the clerk's statement, that the person served occupied the relation above described, to the defendant.

APPEAL from the Circuit Court of Shelby.

NOTE BY THE REPORTER.—The transcript fails to state who was the presiding judge.

THIS was an action against the appellant as a common-carrier, to recover the value of a money package lost by the company, and was commenced on the 13th day of February, 1866.    The following endorsements by the clerk and sheriff appear on the summons and complaint: "The plaintiff having made affidavit that the president of the Southern Express company, or other head thereof, the secretary, cashier, or managing agent thereof, are unknown to him, you are hereby authorized to execute this writ, by

handing a copy thereof to Joseph W. Harris, the forwarding agent of said company at Montevallo, Alabama.  A. M. Elliot, clerk."  "Entered in office, February 15, 1866, and executed by delivering a copy to Joseph W. Harris, agent for defendant.  C. B. Elliott, sheriff."

There was a judgment by default, with writ of enquiry. Jury was impanneled, who assessed the damages at $388 86.  The defendant executed an appeal bond, and brought the case to this court.

JOHN T. HEFLIN, for appellant.

B. B. LEWIS, *contra.*

A. J. WALKER, C. J.—The judgment of the court below must .be reversed on the authority of the *Oxford Iron Co. v. Spradley,* MS.  To sustain the judgment by default, it is requisite that it should appear otherwise than by the sheriff's return or the clerk's statement, that the person upon whom the summons and complaint were served occupied such a relation to the defendant, that the defendant could legally be made a party by service on such person. Section 2569, (2170), Revised Code, does not authorize proof either by the plaintiff's affidavit or by the clerk's statement, that the person served occupied the relation above described to the defendant.

Reversed and remanded.