# CHARLESTON.

HALL v. WILKINSON.

(ENGLISH, JUDGE, absent.)

Submitted January 28, 1891.—Decided March 21, 1891.

1. LOST INSTRUMENT—EQUITY—JURISDICTION.

Equity has jurisdiction wherever a lost instrument is to be set up, notwithstanding courts of law now exercise jurisdiction in the same case.

2. LOST INSTRUMENT—EQUITY—JURISDICTION.

In such a case, a court of chancery, having jurisdiction for one purpose, will adjudicate the whole merits of the cause.

3. DECREE—PERSONAL DECREE—ADMINISTRATORS AND EXECUTORS PURCHASE-MONEY.

An administratrix entered into a personal agreement, whereby she bound herself to sell a portion of her intestate's land to the plaintiff for a valuable consideration, which by said agreement under seal she acknowledges to have been paid to her, and possession was delivered in pursuance of the agreement. Subsequently finding herself unable to carry out said illegal agreement, she assumes to take the land back, and enters into possession of it, and promises to return the purchase-money. *Held*, there is no error in rendering a personal decree against her for said purchase-money, with interest.

*R. S. & C. L. Brown* and *O. Johnson* for appellants, cited Code, c. 75, s. 1; Id. c. 130, s. 23; 1 Greenl. Ev. § 577; Id. § 88 ; 1 Sto. Eq. § 736 ; 28 Gratt. 737; 31 Gratt. 389 ; 2 Rob. Pr. 1; 30 W. Va. 796 ; Sto. Cont. §§ 447, 448 ; 1 Bar. Ch'y 13 ; Id. 72 ; 5 W. Va. 33 ; 25 W. Va 470 ; Id. 830 ; 33 W. Va. 375 ; 7 W. Va. 324 ; 11 W. Va. 307 ; Id. 562 ; 14 W. Va. 88 ; 27 W. Va. 16.

*Gunn & Gibbons, R. Wiley, Jr.* and *C. E. Hogg* for appellee, cited 4 Munf. 222 ; 8 W. Va. 95; Code, c. 105, s. 18 ; Id. c. 130, s. 23 ; Whar. Ev. §§ 1266, 1267 ; 5 W. Va. 572 ; 7 W. Va. 324 ; 11 W. Va. 307 ; Id. 562 ; 14 W. Va. 88 ; Id. 148 ; 16 W. Va. 626 ; 25 W. Va. 471; Id. 830 ; 7 C. E. Green. 85 ; 3 C. E. Green. 401.

LUCAS, PRESIDENT :

This was a suit in chancery, instituted by the plaintiff, Benjamin Hall, against Hannah T. Wilkinson "in her own right" and as administratrix of William D. Wilkinson, deceased, and against the heirs of said Wilkinson, and E. C. Hopkins and Thomas T. Hopkins, in the Circuit Court of Mason county.

The bill alleges that on the 12th day of October, 1864, the defendant Thomas T. Hopkins conveyed to the said William D. Wilkinson a tract of land containing one hundred and thirty acres, three roods, and sixteen perches. It is further alleged that the sale was partly on a credit, and that there was one purchase-money note, which, after being credited with certain payments made by W. D. Wilkinson, was assigned by said Thomas T. Hopkins to the defendant E. C. Hopkins. The original amount of this note is alleged to have been one thousand dollars, and it is averred that the assignee, E. C. Hopkins, purchased from said W. D. Wilkinson a lot of two and three fourths acres of land immediately adjoining the town of Graham Station, and also a lot of one eighth of an acre in said town, making in all two and seven eighths acres of land, for which it is alleged E. C. Hopkins paid by crediting the price upon the one thousand dollar note, of which he was assignee; and he also, as alleged, took a title-bond from said W. D. Wilkinson, but that said W. D. Wilkinson, being cut off by sudden and accidental death, never made any deed for these two and seven eighths acres of land. It is alleged, however, that after said W. D. Wilkinson's death E. C. Hopkins, in the year 1868, brought a chancery suit to obtain a deed from the heirs at law of said Wilkinson, which was pending for several terms in said Circuit Court until the papers were lost, and nothing further was done in the case. It is further averred that said E. C. Hopkins assigned to the plaintiff, said Benjamin Hall, the said title-bond for the consideration of one hundred and twenty five dollars per acre for the two and three fourths acres of land, and fifty dollars for the one half acre lot, which title-bond plaintiff had in his possession for a year or two, but which has been lost or destroyed, and

can not now be produced.    Plaintiff further alleges that after this one thousand dollar note had been credited by E. C. Hopkins with the price of the two and seven-eighths acres of land, said E. C. Hopkins assigned it to the plaintiff; there being still between two hundred dollars and three hundred dollars due on it; that in this state of affairs the plaintiff applied to Hannah T. Wilkinson, the administratrix of her late husband, for payment of the balance due on this one thousand dollar note, and she in settlement agreed to sell to him for said balance, amounting to three hundred and forty three dollars, a lot of two and one half acres of land, a part of the original tract aforesaid, and that an agreement between the plaintiff and said Hannah T. Wilkinson was entered into to that effect, which is exhibited with the bill; that in conformity to said agreement, plaintiff surrendered said one thousand dollar note to Hannah T. Wilkinson, and he prays that she may be required to produce it, and file it with her answer.

Plaintiff alleges further that E. C. Hopkins, on the 21st of February, 1868, contracted to sell to him said two and seven eighths acres of land by written agreement, which he files as an exhibit, and that he has paid Hopkins in full. He alleges that he took possession of the two and one half acres and the two and three fourths acres, and held the same until January, 1875, when he agreed to surrender possession thereof to the personal representative and heirs of said W. D. Wilkinson, if said administratrix would return to him the money he had paid out for said estate on the original purchase note for said land, then amounting to six hundred and forty three dollars ; and accordingly she sent her son James to examine the condition of the land, and, being satisfied with his report, she agreed to receive it back, and return to the plaintiff his money out of the estate of decedent, and possession was delivered to her, and she and said heirs have enjoyed the possession of the land ever since ; and yet she has not paid one cent, but refuses to return to him either the said purchase-money or the said note of one thousand dollars.    Plaintiff claims that as assignee of said one thousand dollar note he is entitled to have the same returned to him, and said

entire tract of land subjected to sale to satisfy the same. The prayer of the bill is that plaintiff may have judgment against the estate of W. D. Wilkinson, deceased, for the said sum of six hundred and forty-three dollars, ·with lawful interest; or that he may have a deed for said two and three fourths acres of land, and the sum of three hundred and forty three dollars, with lawful interest; and, in default thereof, that the whole of the one hundred and thirty acres, three roods, and sixteen poles be sold to pay the balance of said one thousand dollars of purchase-money remaining unpaid; and for general relief.

There is exhibited with the bill an exhibit bearing date September 13, 1869, signed and sealed by Hannah T. Wilkinson and Benjamin Hall. It is very inartificially and illiterately drawn, but appears to be an agreement whereby Hannah T. Wilkinson for the sum of three hundred and forty three dollars binds herself to make him, or cause to be made, a good and sufficient deed for two and one half acres of land of W. D. Wilkinson, deceased. Nothing is said in this agreement about any one thousand dollar note, but the three hundred and forty three dollars consideration is described as money paid for H. T. Wilkinson for the purchase-money for the said land bought by W. D. Wilkinson, deceased, of Thomas T. Hopkins.

This bill was demurred to by the defendants, but the demurrer was overruled. Thereupon the said Hannah T. Wilkinson, in her own right and as administratrix of W. D. Wilkinson, filed her answer. In this answer she admits that the land which her husband bought of Thomas T. Hopkins was bought partly on credit, and that said W. D. Wilkinson executed his notes for the deferred payments; but she denies that the last of said notes was for one thousand dollars, and alleges that it was for the sum of seven hundred and fifty dollars, and was not assigned to plaintiff; and she files the same as an exhibit with her answer. Every other material allegation of the bill is denied, and the statute of frauds and perjuries, and also the statute of limitations, are relied upon.

It is apparent from the record that the plaintiff consci-

entiously believed in the existence of the alleged one thousand dollar note, and made earnest efforts to touch the conscience of the defendant, Hannah T. Wilkinson, and have her produce it; but she, under oath, denied the possession of any such note; alleges that all her papers were handed over either to John E. Timms, the commissioner, who settled her accounts, or to her attorneys in this suit; alleges also that she does not remember ever seeing such a note, and does not believe she ever had it in her possesssion.

Numerous depositions were taken by both plaintiff and defendants, and the Circuit Court on the 19th day of February, 1887, entered a final decree.

The infant defendants likewise answered the bill, but, as the bill was dismissed as to them, it is not necessary further to notice their answer.

The court referrred the cause to a commissioner for the purpose of taking evidence and reporting upon the alleged lost title-bond, and the existence and whereabouts of the one thousand dollar purchase-bond or note. Both the infant defendants and the administratrix demurred to the bill, but the demurrer was overruled.

The final decree, entered on the 19th day of February, 1887, exempted the estate of W. D. Wilkinson, deceased, from all liability by reason of the alleged lost title-bond, or by reason of any balance claimed by the plaintiff to be due him as assignee of the purchase-note of one thousand dollars, and dismissed the bill as to the heirs at law. But the court was of opinion that the plaintiff was entitled to a decree against the defendant, Hannah T. Wilkinson, in her own right, for the sum of three hundred and forty three dollars, with legal interest thereon from the 1st day of January, 1875, amounting at the date of the decree to the sum of five hundred and ninety dollars and ninety eight cents, and leave was given to the plaintiff to sue out execution for that amount, with his costs and twenty dollars damages.

The first question to be considered is:—Should the demurrer to the bill have been overruled? The relief sought by the plaintiff was founded in part upon a title-bond

alleged to have been lost, and to which he had the equitable title as assignee. Whether his relief as prayed was entirely founded on this paper or not, it formed an important link in the chain of his title to two and three fourths acres of land, alleged to be in possession of the heirs of William D. Wilkinson, and under the control of his administratrix, and in reference to which he prayed specific performance.

In the case of *Mitchell* v. *Chancellor*, 14 W. Va. 22, it was held: 1. Equity has jurisdiction, wherever a lost instrument is to be set up, notwithstanding courts of law now exercise jurisdiction in the same case—2. In such a case a court of chancery, having jurisdiction for one purpose, will adjudicate the whole merits of the cause. See, also, *Lyttle* v. *Cozad*, 21 W. Va. 183, which was approved, and the same principles re-affirmed, in the case of *Handy* v. *Scott*, 26 W. Va. 54. I think, therefore, that upon this ground the court of chancery had jurisdiction, and the demurrer was properly overruled.

It will be observed, moreover, that the bill was in part a bill of discovery, calling upon the defendant, Hannah T. Wilkinson, to discover and produce the one thousand dollar note or bond, with its indorsements and credits. In the case of *Neely* v. *Jones*, 16 W. Va. 625, it was said, in substance, that a stranger who pays a debt without the request or authority of the debtor, when the payment is not afterwards ratified, may, if he chooses, bring a suit in equity stating this fact, and praying, that if the payment be not ratified by the debtor, the debt may be enforced in his favor as the equitable owner thereof; or, if the payment be ratified by the debtor, that the court will decree to the stranger repayment of the amount so advanced by him for the use of the debtor; and the court will give the one relief or the other prayed for.

In the case we are considering, the plaintiff claimed in his bill that he had paid to E. C: Hopkins, assignee, a certain debt which was due said Hopkins by the estate of W. D. Wilkinson, deceased. Taking this claim to be true, we think it constituted a proper subject of equitable interference. I am of opinion, therefore, that there was no error in overruling the demurrer to the bill.

As to the ultimate rights of the parties, they depend very largely upon questions of fact, upon which there was a conflict of testimony. The Circuit Court, as was proper, submitted these questions of fact to a master commissioner, and afterwards passed upon them, and found, as appears by the final decree, that there was no sufficient and competent evidence to justify a decree for specific performance, or any other decree, against either the personal representative or the heirs of W. D. Wilkinson. We are not prepared to say that the Circuit Court plainly erred in so finding, and, in accordance with our usual practice, we must decline to interfere with this judgment of the Circuit Court in favor of the administratrix and heirs.

But with regard to Hannah T. Wilkinson, who had been proceeded against "in her own right" as well as in her representative capacity, the court found otherwise, and entered a decree against her personally, as we have seen, for the amount of money which in the agreement of September 13, 1869 (which was executed by her in her individual capacity) she acknowledged to have received with interest from the 1st day of January, 1875; and we are now to consider whether the Circuit Court erred in its judgment in this respect.

It is objected, in the first place, that the claim against her personally was for a liability which should have been prosecuted in a court of law; but, as we have seen, "if the court of chancery has jurisdiction for one purpose, it will adjudicate the whole merits of the cause," and will not drive the parties to a new suit, or to another forum. *Mitchell* v. *Chancellor*, 14 W. Va. 28.

It is further objected that the claim against her personally is barred by the statute of limitations. The Circuit Court, however, evidently found from the evidence that Mrs. Wilkinson, in the year 1875, found herself unable to carry out the contract which she had entered into on the 13th of September, 1869, and had retaken possession of the land mentioned in said contract, and agreed to return the purchase-money, which in conscience she was bound to do. As a question of fact, that she had retaken possession of the lot of two and one half acres which as administra-

trix she had nothing to do with, but which she had undertaken to sell to the plaintiff, is established almost beyond controversy. And why should she be permitted to retain both the land and the consideration therefor, which she in her answer does not dèny having received? The suit was brought in November, 1879, and consequently less than five years had elapsed since her parol agreement to return this purchase-money. Even if such parol agreement could be regarded as not sufficiently established by the evidence, nevertheless, the moment she took back the land there was an implied obligation upon her to return the purchase-money to the plaintiff. It will be observed that she entered into the obligation of September 13, 1869, in her individual capacity, and upon her failure to carry it out, the liability rested upon her personally; and when she abandoned it; as not being able to fulfill her obligation, her duty to make the purchaser whole was likewise a personal one. There was no error, therefore, on the part of the Circuit Court in exacting from her the fulfillment of this personal obligation. For these reasons, the decree complained of must be in all respects affirmed.

AFFIRMED.