| 96 | 461 |
| 96 | 585 |
| 96 | 461 |
| 102 | 489 |
| 102 | 493 |
| 96 | 461 |
| 124 | 525 |
| 124 | 544 |

# Memphis & Charleston Railroad Co. v. Brannum.

### Application for Certiorari to Justice of the Peace.

1. *Certiorari to justice of the peace; when granted* —Where it appears from the record and proceedings of a justice of the peace that a judgment was rendered by him without jurisdiction of the defendant's person having been acquired in any manner, a writ of *certiorari*, as at common law, will be awarded to the defendant in such judgment to bring it up for revision ; an appeal to the Circuit Court not being an adequate remedy in such case, as the taking of such appeal would, by virtue of the statute (Code, § 3405), operate as a waiver of the objection that the justice of the peace had not acquired jurisdiction of the defendant's person.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. H. C. SPEAKE.

HUMES, SHEFFEY & SPEAKE, for appellant.—1. There is nothing in the record to show that the Memphis & Charleston Railroad Company was ever served with notice of the suit before the justice of the peace, or that Morrow was its agent. Such service as the record shows is not sufficient to sustain a judgment by default against a corporation—*Southern Express Co. v. Carroll*, 42 Ala. 437 ; *Oxford Iron Co. v. Spradley*, 42 Ala. 24 ; Code, § 2657, and cases cited ; Black on Judgments, §§ 15, 80, 81, 83, 214, 218, 219, 224. 2. This is a case where there is a "clear legal right, and no other adequate legal remedy"—a case where we were never before the court which rendered the judgment now sought to be reviewed by the writ of *certiorari*. Adequate redress can not be had in such a case as this by appeal, because the effect of the appeal is to submit to the jurisdiction of a court that did not have jurisdiction at the time it rendered the judgment.

*Glaze v. Blake*, 56 Ala. 375; *Ex parte Boynton*, 44 Ala. 261; *Cobb v. Thompson*, 87 Ala. 381; 3 Brick. Dig. pp. 106, 592.

WILLIAM RICHARDSON, *contra.*—The defendant had its remedy by appeal from the judgment of the justice of the peace. Code, § 3398. Where an appeal lies, *certiorari* is not the proper remedy.—*Ala. G. S. R. R. Co. v. Christian*, 82 Ala. 307; *Cobb v. Thompson*, 87 Ala. 381; *Camden v. Block*, 65 Ala. 239.

THORINGTON, J.—This case originates from a suit commenced in the court of a justice of the peace, wherein appellee had a summons issued to "Thomas G. Morrow, as agent of the Memphis & Charleston R. R.," and the complaint filed has the following caption: "Jas. C. Brannum v. M. & C. R. R." The summons was endorsed, "Summons T. G. Morrow, as agent." "Executed July, 1889." The docket of the justice contains the following entries: "July 18. Summons and subpœnas returned executed." "July 27. Continued by defendant until Sept. 2nd, 1889." It further shows a judgment by default entered Sept. 2nd, 1889, against "defendants." On the 8th day of September, 1889, before the expiration of the time allowed by law for appeals from the judgments of a justice of the peace, The Memphis & Charleston Railroad Company applied for and obtained from the judge of the Eighth Circuit a common-law writ of *certiorari*, returnable into the Circuit Court of Madison county, by which the records and proceedings before the justice were returned into that court, where, on motion of appellee, the writ of *certiorari* was dismissed, and judgment for costs rendered against appellant and the sureties on the *certiorari* bond, and from that judgment this appeal is taken.

Neither the summons nor the complaint issued from the justice's court purports to be against the Memphis & Charleston Railroad Company, the petitioner in the application for the writ of *certiorari*. The constable's return, showing that the summons was executed, must be referred to the person named in the summons, and the entry on the docket of the justice, showing a continuance of the case by the *defendant*, must be referred to the party sued. Whether that be determined by the summons or complaint before the justice, it is obvious that the Memphis & Charleston Railroad Company is not the person sued. If we look to the summons, the person served is Thomas G. Morrow, and the words, "as agent of the Memphis & Charleston R. R.," are

mere *descriptio personæ.*—1 Black on Judg., § 214. If we look to the complaint, the defendant is the "M. & C. R. R.";
and if we look to both summons and complaint, they do not together show a suit against the Memphis & Charleston Railroad *Company.* The judgment by default against the "defendants" is not a judgment against the Memphis & Charleston Railroad *Company,* the petitioner in the application for the writ of *certiorari.*

If an execution should issue on the judgment from the justice's court against The Memphis & Charleston Railroad Company, it would be wholly unwarranted and void.—*Watson v. May,* 6 Ala. 133; 1 Black on Judg., §§ 218, 219, 220. This probably is not the ground on which the Circuit Court dismissed the *certiorari,* as the point is not referred to in the argument; but we infer the action of the Circuit Court rests on the ground that the petitioner had an adequate remedy by appeal.

This case is to be distinguished from that class in which a judgment by default is rendered against a person or corporation sued by a wrong name, after service on the right person and a failure to plead the misnomer; in which class of cases it is held that the real defendant, notwithstanding the misnomer, will be concluded by the judgment, so long as he can be identified or connected therewith.—1 Black on Judg., § 213. But it is essential to the conclusiveness of such a judgment that it should be made to appear, not only that the real person was sued, but that he was duly served with process, though under a mistaken name.—1 Black on Judg., § 218, bottom page 256. Had it been made to appear in this case that Morrow, on whom service was made, was authorized to receive service for The Memphis & Charleston Railroad Company, the case, perhaps, would come within the text above cited and the authorities therein referred to. For aught that appears from the record and proceedings of the magistrate's court, neither the suit nor the judgment is against appellant, and consequently it is not injured thereby. *Watson v. May,* 6 Ala. 133. Appellant, however, by its petition, admits itself to be the person against whom the judgment was rendered (but without legal service), and, the case having been so treated by appellee also, we will proceed to consider it in that aspect.

To support a judgment by default against a corporation, it must appear of record that the party on whom service was made sustained such a relation to the corporation sued as to authorize him to receive service of process on behalf of the corporation.—*So. Ex. Co. v. Carroll,* 42 Ala. 437; *Oxford Iron Co. v. Spradley, Ib.* 24; 1 Black on Judg., § 81.

"*Certiorari*, at common law, is an extraordinary legal remedy. It can only be invoked when there is a legal right, and no other legal remedy. When an appeal lies, *certiorari* is not the proper remedy." The foregoing is a quotation from the opinion of Chief Justice Stone in the case of *Ala. Gt. So. R. R. Co. v. Christian*, 82 Ala. 307. But the appeal here referred to is clearly such an appeal as will be effectual to reach the defects complained of, or, in other words, it must afford an adequate remedy. This is manifest from what follows in the same opinion, where it is said: "What we do decide is, that in cases where ample redress can be obtained on a trial *de novo*, and the right of appeal is unobstructed, the conditions are wanting which justify a resort to this severe remedy; a clear legal right, and no other legal remedy."

The remedy by appeal from the judgments of justices of the peace is afforded by section 3398 of the Code, and on such appeals the case must be tried "*de novo* according to equity and justice, without regard to any defect in the summons or other process, or proceedings, before the justice." Code of 1886, § 3405. The effect of this statute is such that had the railroad company taken an appeal to the Circuit Court such an appeal would have operated as a waiver of all defects in the summons, process, and proceedings before the justice, and the defendant would have been compelled to litigate in the first instance in the higher and more expensive tribunal, without ever having had its day in the magistrate's court. This would not be in harmony with the policy of the law, which creates magistrate's courts for the speedy and inexpensive disposition of cases of minor importance, and would not be the ample redress necessary to be afforded by appeal in order to supply the place of the remedy by the common-law *certiorari.*

If this was a case in which it appeared from the record and proceedings of the magistrate's court that the justice acquired jurisdiction of defendant's person in any manner, however irregular, we would be bound by the former decisions of this court to hold that the remedy by appeal was adequate, and that the common-law writ of *certiorari* would not lie; but to so hold in this case would in effect be to confer original jurisdiction on the Circuit Court in a case the law contemplates should originate in a magistrate's court, because the effect of such an appeal would be to compel the party appealing to try in the Circuit Court a case to which he had never been a party in the magistrate's court. Such a result we think justifies the resort

[Montgomery & Florida Railway Co. v. McKenzie.]

to the "severe remedy" of the common-law writ of *certiorari*, as it is characterized in the case of *Ala. Gr. So. R. R. Co. v. Christian, supra.* In that case this court held that the circuit judge did not err in refusing the writ; that the remedy by appeal was adequate, because *the defendant could, on such appeal, raise the question of jurisdiction, in the Circuit Court.* But in that case the defect in the proceedings before the magistrate's court was want of jurisdiction of the subject-matter, which could not be waived by appeal or otherwise; while in the case before us the want of jurisdiction is of the person, which the defendant would, by virtue of the statute, waive by taking the benefit of an appeal to the Circuit Court.

The Circuit Court erred in dismissing the writ of *certiorari*, and its judgment is reversed and annulled. Judgment will be here rendered quashing the judgment in the magistrate's court, as prayed in the petition filed in the Circuit Court by appellant.

Reversed and remanded.

WALKER. J. not sitting.