# CHARLESTON.

COOMBS v. SHISLER *et al.*

Submitted September 9, 1899—Decided December 9, 1899.

JURISDICTION—*Law—Equity.*
> Equity has no jurisdiction where there is full, complete, and adequate remedy by action at law.   (p. 375.)

Appeal from Circuit Court, Monongalia County.

Petition by E. H. Coombs against John E. Shisler and others. Decree for plaintiff, and defendants appeal.

*Dismissed.*

OKEY JOHNSON and R. E. FAST, for appellants.
GEORGE C. STURGISS, for appellee.

BRANNON, JUDGE:

There was a chancery suit in the circuit court of Monongalia County, brought by Joseph Moreland, as administrator of John H. Hoffman, deceased, against the children and widow of said Hoffman and various of his creditors, for the purpose of convening his creditors, fixing their debts, and subjecting his assets to their payment; and the creditors were convened, and their debts fixed, and their rights as to the assets settled, and the estate administered and wound up by decree therein. This decree was final, as it settled and adjudicated the rights of the parties as to the matters involved in the record. Among the liabilities established by that decree against Hoffman's estate was one for money which went to his hands as general receiver of said court, which was decreed to be paid out of the assets. The bill stated that Hoffman had been such receiver, and specified some of his liabilities as such, and made the sureties in his last official bond defendants, but asked no decree against them. After such final decree, E. H. Coombs, general receiver of said court, filed in said court a pleading calling itself a "petition," and purporting to be a part of said ended cause, the same being filed at rules, without any leave of court. This petition set forth the said suit and proceedings therein, and that in it the said liability of Hoffman as receiver had been fixed at a certain amount, and represented that the parties entitled to the money in Hoffman's hands as receiver were in some instances needy, and clamorous for their money, and that they ought not to be required to await its collection out of the assets of Hoffman, and prayed that William Morehead, George M. John, E. Shisler, and George W. Johnson, sureties in Hoffman's last bond as receiver, be required to discharge said debt, and that Hoffman's estate be required to reimburse them. Said sureties filed their demurrer and answer. The demurrer was overruled, and the result was a decree in favor of Coombs against Johnson and his co-sureties for eight thousand one hundred and twenty-seven dollars and eighty-

one cents, and from this decree they come to this Court by appeal. The demurrer denies jurisdiction in equity. Taking up the demurrer, we find one ground assigned for it is that, as the case in which the petition had been filed had been ended, no petition could be filed in it for the purposes sought in this petition. This seems to me to be correct; but, though this petition calls itself a petition, and purports to be filed in that case, yet I think that jurisdiction in equity could not be denied on this score, but that we should treat the petition as an original bill. No matter about the name. Its claim to be a part of that case is immaterial. We should treat it as pleading the facts shown by that record, and give it force as an original bill on the matters stated in it. Courts of equity are very liberal under this head. *Riggs* v. *Armstrong*, 23 W. Va. 760; *Martin* v. *Smith*, 25 W. Va. 583. But can it be sustained as an original bill? I think not, because an action at law on the receiver's bond will give full and complete relief. The fact that the decree fixed a debt on Hoffman's estate for this money did not limit relief against the sureties to that suit, or authorize a suit in chancery. As there is no jurisdiction, it would be improper to discuss other matters, and no prejudice as to them or any action at law shall come to any of the parties from this decision.

I note a clause in the petition alleging an error in the commissioner's report in the omission of a fund in Hoffman's hands in the suit of Lemon's guardian against Moses Lemon. It is not pleaded as an accident or mistake, but as an omission of the commissioner to report it under the evidence, and the clause asks decree for the debt,—a matter proper for exception in that case as an error of law. No facts and circumstances to make it a mistake relievable in equity are pleaded. No prejudice is to come to that claim from this decision. Decree reversed, and the bill filed by E. H. Coombs, general receiver, calling itself a petition, is dismissed, without prejudice to any action at law.

*Dismissed.*