# CHARLESTON.

## SPRINKLE v. DUTY.

Submitted January 15, 1904—Decided February 2, 1904.

54    559
f65   484

1. DECREE—*Jurisdiction—Dismissal.*

A decree, upon a full hearing upon the merits, dismissing a bill in which two distinct causes of action between the same parties are united, one purely legal and the other purely equitable, containing no clause saving to the complainant her remedies as to the former cause of action, and failing to state, or in any way make it appear, that, as to it, the dismissal was for want of jurisdiction, is erroneous. (p. 561).

2.  APPEAL—*Cost—Jurisdiction.*

> In such case, the complainant is not estopped from denying the jurisdiction of the court below on appeal, but costs in the appellate court will be decreed to the appellee, as the party sub·stantially prevailing, if the appellant has failed to ask for the insertion of such saving clause in the trial court.   (p. 563).

Appeal from Circuit Court, Ritchie County.

Bill by M. K. Sprinkle against M. K. Duty and others.   Decree for defendants, and plaintiff appeals.

*Modified.*

J. NEWMAN, for appellant.

DUTY & IRELAND, J. W. FIDLER, and SHERMON ROBINSON, for appellees.

POFFENBARGER, PRESIDENT:

M. K. Sprinkle, a married woman, appeals from a decree of the circuit court of Ritchie county, dismissing, upon a full hearing upon the merits, her bill in equity against M. K. Duty, in a suit brought to set aside a sale of a lot of land, containing thirty-three square rods, made under a deed of trust, executed by her May 4, 1895, to secure the payment of a note for $334.95, executed by her and her husband to said Duty, and another sale of another lot containing something more than an acre of land, made under an order of attachment in an action of debt, brought by Duty to obtain satisfaction of a balance due on his debt after applying thereon the proceeds of the sale made under the deed of trust.   They were adjoining lots, lying on or near the town of Pennsboro in said county, and were the separate property of Mrs. Sprinkle.

The correctness of so much of the decree as disposed of the matters alleged against the soundness of the sale under the deed of trust is not questioned on this appeal.   Failure to except to it, however, does not preclude the court from making inquiry respecting it, and an examination of the pleadings and evidence relating to the sale has been made wthout finding anything for which it is believed the sale ought to be set aside.   The complaint against the decree is that the court failed to insert in it a clause saving to the plaintiff her right to appear in the attachment suit and have the same reheard, as, by the provisions

of section 25 of chapter 106 of the Code of 1899, she may do within the time, and in the manner, therein specified, she having been proceeded against as a non-resident without service of process upon her.

The bill presents two distinct matters, one of which is the alleged ground of relief against the sale under the deed of trust, and the other the ground for relief against the sale under the order of attachment. That the former is a matter cognizable by courts of equity, is too well known and settled to require any citation of authority. It is conceded by counsel on both sides. As to whether so much of the bill as relates to the atachment sale presents a cause of action of which equity can take jurisdiction, and if not, whether by her conduct in submitting it to such court and inducing it to act upon it, the appellant is precluded from prosecuting this appeal, counsel differ, it being insisted upon the one side that, as equity had jurisdiction of part of the subject matter of the bill, the court could properly go on and determine all questions presented by it, although one of the matters involved was purely legal, and that, if this be not true, the appellant cannot complain of errors which she has induced the court to commit, while, on the other hand, it is said the court could not take jurisdiction of the attachment proceeding, even by consent of the parties.

The two subjects of the bill are so far separate that either may be disposed of without, in any way, affecting the other. Relief in the one neither depends upon, nor necessitates, relief in the other. The trust sale could be set aside, on sufficient grounds, and the trust property re-sold for the debt less the amount realized from the attachment, or the attachment sale could be set aside and the attached property re-sold for the debt less the amount relized from the trust sale. It is true Mrs. Sprinkle held both pieces of land under the same deed as a single tract, and both were sold for parts of the same debt and to the same man, but, for the purposes of sale, she had separated them by her deed of trust, and the sales and proceedings relating thereto are the things complained of, and, as to each sale, the pleadings and evidence differ and present separate and divers issues. Hence, they are wholly distinct and separate causes of action, if both could be treated as equitable causes. But, as to jurisdiction, they are also foreign to each other, the one belonging to

exclusive equity jurisdiction, and the other being an action prosecuted to judgment and execution on the law side of the court, and in which further proceedings, by way of review, may be had by express statutory provision. It is a cause of action of which law court has not only potential, but actual, jurisdiction. Moreover, it is one for which there is a full and adequate remedy at law, specifically prescribed by statute, and it is elementary law that, in such case, equity has no jurisdiction. *Miller* v. *Miller,* 25 W. Va. 495; *Brier* v. *Smith,* 25 W. Va. 830; *Combs* v. *Shisler,* 47 W. Va. 373; *Meze.* v. *Mayes,* 6 Rand. 660.

Conceding this proposition, counsel for appellee say jurisdic to pass upon the trust sale proceeding gave the right to pass upon the other, although purely legal in its nature, upon the principle enunciated in *Hickman* v. *Painter,* 11 W. Va. 386, and numerous other cases. This is clearly an effort to apply that principle where it has no application. Where there is ground for equitable interposition as to a single cause of action, in respect to which strict equity jurisdiction stops short of final relief and full determination of all questions involved in that cause, it will go on and complete it, passing upon purely legal questions. The language of the rule, as stated by the courts, confines it to the merits of *the cause and matters involved in it. Hotchkiss* v. *Filsgerald Co.,* 41 W. Va. 357; *Hanly* v. *Watterson,* 39 W. Va. 214; *Yates* v. *Staurt's Admr.,* 39 W. Va. 124; *Hall* v. *Wilkinson,* 35 W. Va. 167; *Handy* v. *Scott,* 26 W. Va. 710. To give the principle wider application, would contravene one of the most rigid and ancient rules of equity procedure. A bill setting up two or more equitable causes of action, between the same parties, is multifarious and fatally bad. *Zell Guano Co·* v. *Heartherly,* 38 W. Va. 409; *Petty* v. *Foggle,* 16 W. Va. 497; *Crickard* v. *Crouch's Admr.,* 41 W. Va., 503. A bill uniting a purely legal demand with an equitable demand is not multifarious, because the allegations as to the former confer no jurisdiction and are treated as surplusages or statements of impertinent matter and wholly disregarded. *Smith* v. *Patton,* 12 W. Va. 541; *Smith* v. *McLain,* 11 W. Va. 654. As a court of equity can entertain but one cause at a time, the fallacy of the argument that its jurisdiction of one matter in the bill gave power to decide another, the allegations as to which the court was bound to disregard and treat as mere surplusage, is quite apparent.

The remaining contention of counsel for appellee is settled adversely to them in *Freer* v. *Davis,* 52 W. Va. 1, holding that an adjudication in equity against a plaintiff does not estop him from denying the jurisdiction of the court on appeal. The wisdom of that rule is well illustrated here, where it is insisted that a judgment of a common law court has been re-heard in a court of equity.

For the reason stated, the decree complained of is to be amended so as to save to the appellant her right to have the atachment proceeding mentioned and described in the bill re-heard in the manner and upon the conditions prescribed in section 25 of chapter 106 of the Code, and then affirmed and certified to the court below; but, in conformity with the rule announced in *Van Dorn* v. *County Court,* 38 W. Va. 267; *Christian* v. *Vance,* 41 W. Va., 754; *Freer* v. *Davis* 52 W. Va. 1; and *Frye* v. *Miley,* decided at the last term, costs in this Court are to be decreed to the appellee as the party substantially prevailing, the appellant having failed to demand the insertion of the saving clause in the court below.

*Modified.*