## ODOM *vs.* SHACKLEFORD.

[ATTACHMENT OF CROP FOR RENT OF LAND.]

1. *Attachment and affidavit, variance between; how can not be taken advantage of.*—A variance between the affidavit and attachment and the complaint, can not be taken advantage of by demurrer to the complaint.
2. *Sheriff, return of; how may be amended.*—The sheriff's return of the levy of an attachment, sued out by a landlord against the crop of his tenants, may be amended, so as to show that the crop levied on was grown on the rented land.
3. *Complaint, amendment of; presumption in relation to.*—Where a complaint has been amended by striking out a party defendant, it will be presumed to have been rightfully done in the absence of proof to the contrary, apparent on the record.

APPEAL from the Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

The appellee, Shackleford, sued out an attachment in the circuit court of Henry, against the appellant and one Roberts, for the year's rent of one hundred and twenty acres of land, and gave bond, &c., as required by law. The affidavit states, that the defendants were to cultivate all the land, and to pay (plaintiff) appellee one-fourth of the crop raised thereon, and that if the land had all been planted and properly cultivated, appellee's share of the crop would have been worth $600; for which amount attachment issued. It is no where shown whether the contract of renting was verbal or written. The attachment, which commanded the sheriff " to levy on so much of the crop grown on said lands," &c., was returned by the sheriff, with the following endorsement: "Levied the within attachment on 8000 pounds of seed cotton, the property of the defendants. October 25th, 1867."

The complaint filed by the plaintiff contained two counts, and claimed $600 damages for a breach of the contract in not planting all the land, and for not cultivating it as agreed on in the contract. On the trial, the defendants submitted

a motion " to dismiss the levy of the attachment because the return of the sheriff fails to show that the property levied on was of the crop grown on the rented lands." The court overruled this motion, and defendants excepted. The defendants also demurred to the complaint—1st, because the action was commenced by attachment for rent, &c., and the counts in the complaint claim damages for the breach of an agreement sounding in damages; 2d, because the said counts are variant, and set up a different cause of action from that set forth in plaintiff's affidavit and attachment. The demurrer was overruled and defendants excepted. The defendant Roberts then suggested his bankruptcy, and the plaintiff, by permission of the court, then amended the complaint by striking out the name of Roberts and proceeded against Odom alone. The plaintiff then testified to the contract of renting, the same in substance as that set out in the affidavit for attachment, and that if defendant had cultivated all the land agreed on that it would have yielded at least a rental of $350. This being all the evidence, the court charged the jury, that if they believed the evidence they must find for the plaintiff, and defendants excepted. After the trial was had, and judgment entered, the sheriff moved the court for leave to amend the levy so as to make it show that " the cotton seed levied on were pointed out by the defendants as part of the crop grown on the rented lands." This motion was granted, the levy amended, and defendants excepted.

The errors assigned are the various rulings of the court, and the charge to which defendant excepted.

W. C. OATES, for appellant.

J. C. CLENDENNIN, contra.

NOTE BY REPORTER.—This case was decided at the June term, 1869, and was not reported until the present term, because of an application for rehearing being on file.

B. F. SAFFOLD, J.—This suit was commenced by attachment for rent.

The complaint contains two counts, according to the

form prescribed by the Code, for the breach of an independent agreement. The demurrer to it was properly overruled. A variance between the affidavit and attachment and the complaint can not be taken advantage of by demurrer.—*Vandyke v. The State*, 24 Ala. 81 ; *Cain v. Mather*, 3 Por. 224.

There was no error in allowing the sheriff to amend his return so as to make it speak the truth.—*McArthur v. Carrie's Adm'r*, 32 Ala. 85.

Section 2809 of the Revised Code authorizes the amendment of the complaint by striking out or adding new parties plaintiff or defendant. Section 2539 makes all joint promises or covenants in writing several, as well as joint. In this case, if the agreement of the parties was in writing, the amendment of the complaint, by striking out the defendant Roberts, was permissible. If not, it was an error. The record does not inform us whether it was verbal or written. The presumption must be in favor of the action of the court. If the plaintiff desired a judgment against both defendants, the proper practice would have been to continue the cause to await the result of the proceeding in bankruptcy.—Bankrupt Law, § 14. He was, however, entitled to his election, so far as the record discloses the facts.

The judgment is affirmed.