# McAbee *v.* Parker.

*Attachment Suit ; Judgment by Default.*

1. *Presumption as to defendant's residence, in support of officer's return.*—To support a judgment by default, in an action commenced by attachment, which is levied on land, if the sheriff's return states that he left notice in writing of the levy at the residence of the defend-ant (Code, § 3260), it will be presumed that the defendant resided in the county, although the record does not affirmatively show it.

2. *Variance between affidavit and complaint, as to amount of debt.*—A variance between the affidavit and attachment and the complaint, as to the amount of the plaintiff's debt, can probably be taken advantage of only by plea in abatement; and it is not available on error, after judgment by default.

3. *Intervention of third persons as parties.*—Third persons, acquiring an interest in the property attached *pendente lite,* are neither necessary nor proper parties to the suit; and they can not claim the right to in-tervene for the protection of their interests, by moving a dissolution of the attachment, or a discharge of the levy.

4. *Same ; errors not prejudicial to appellant ; when bill of exceptions is necessary.*—The defendant in attachment can not complain of the refusal to allow third persons to intervene as parties, since he can not be prejudiced by such refusal; nor is the refusal revisable on error or appeal, unless duly excepted to.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. JAMES AIKEN.

This action was commenced by attachment, sued out by W. P. Parker, on the 16th February, 1885, on the ground that the defendant, A. A. McAbee, secreted himself so that the ordinary process of law could not be served on him. The sheriff returned the attachment, February 17th, "Executed this day, for want of personal property, by levying this writ upon the following lands," describing them, " as the property

of said defendant, and gave him notice thereof in writing left at his residence." In the affidavit for the attachment, the plaintiff claimed as his debt "the sum of $85, and also the sum of $125, due on the 1st December, 1885;" and a special affidavit was also made, which stated that the suit was "instituted on two certain promissory notes under seal, both dated February 9th, 1884; and that said A. A. McAbee, in both of said notes, waived his right of exemptions as to personal property under the constitution and laws of Alabama." At the April term, 1886, a complaint was filed, in which the plaintiff claimed $310, as due by three promissory notes, which were particularly described, and alleged a waiver in each of the right of exemption as to personal property. At the same term, on the 15th April, a judgment by default was rendered for $345, besides costs; the execution was ordered to issue indorsed with a waiver of all exemptions, and a *venditioni exponas* was ordered for the sale of the lands levied. The judgment-entry recites, also, that C. F. Hamill appeared, and suggested to the court that he and Wm. Copeland, "since the suing out of said attachment, have become interested in the 160 acres of land first described in the levy, which was, at the time of the suing out and levy of said attachment, the homestead of said defendant in attachment, who actually resided on said land; and that said defendant has, since said levy, filed his schedule and claim of exemption to said land as his homestead;" and he thereupon asked that they be allowed to intervene as parties, "for the purpose of propounding their respective interests in and to said land, and contesting plaintiff's right to an order of sale thereof." On objection by the plaintiff, the court overruled and refused this application.

The appeal is sued out by McAbee, who assigns the following as errors in the judgment: 1st, that notice of the levy was not given as required by law; 2d, that the complaint is a departure from the affidavit and attachment; 3d, that the court ought to have allowed Hamill and Copeland to intervene as parties.

HAMILL & LUSK, for appellant, cited *Brinsfield v. Austin*, 39 Ala. 227; *Dow v. Whitman & Owsley*, 36 Ala. 604; *Marshall & McLeod v. White*, 6 Porter, 551; *Clark v. Spencer*, 75 Ala. 49.

WATTS & SON, *contra*, cited *Letondal v. Huguenin*, 26 Ala. 552; *Lucas v. Brooks & Goodwin*, 6 Ala. 831; *Clark v. Gary*, 11 Ala. 98; *Jordan v. Hazzard*, 10 Ala. 221; *Gill v. Downs*, 26 Ala. 670; *Cockrell v. McGraw*, 33 Ala. 526; *Hadley v. Bryan*, 58 Ala. 139; *Ritch v. Thornton*, 69 Ala. 473; *Walker v. Jones*, 23 Ala. 448.

SOMERVILLE, J.—The suit is one commenced by attachment, which was levied on certain described lands of the defendant, and the judgment taken in the cause was by default.

1. The first objection urged is, that the record fails to show that the defendant resided in the county of Blount, and that the judgment can not be supported in the absence of this affirmative showing by the sheriff's return. Section 3260 of the Code of 1876 provides, that notice of the levy of the attachment shall be given by the officer making the levy, by leaving a written notice at the residence of the defendant, if he is resident of the county. The return of the sheriff shows that he gave the requisite notice, in writing, left at the residence of the defendant. The presumption is always in favor of the correctness of an officer's return, unless inconsistent with the manifest probabilities of the case.—Best on Ev. (Morgan's ed.), § 359. This is generally a rule of convenience, and often one of necessity, and is based on the reasonable presumption, that a sworn officer of the law has rightly discharged his duty. Drake on Attach. (6th ed.), § 210 ; *Clark v. Gray*, 11 Ala. 98 ; *King v. Bucks*, 11 Ala. 217. Upon the same principle that the court will assume that property levied on belongs to the defendant, though not so expressly affirmed in the officer's return, it will likewise assume that the defendant was a resident of the county, in order that the levy may be sustained, and the judgment supported.—1 Brick. Dig. p. 161, § 94. This is not in conflict with the principle settled in *Brinsfield v. Austin*, 39 Ala. 227, where it is held that, to sustain a judgment by default against a non-resident, commenced by attachment, the record must affirmatively show publication was made as required by statute in such cases. No return of a sheriff, or other sworn officer, was involved as to its verity in the latter case. The assignment of error based on this supposed defect is not well taken.

2. The variance between the amount of the debt claimed in the affidavit, and that stated in the complaint, can not be raised on appeal for the first time in this court. It could probably be raised only by plea in abatement in the primary court,—a mode shown not to have been resorted to in this case. *Wright v. Snedicor*, 46 Ala. 92, and cases cited ; *Odom v. Shackleford*, 44 Ala. 331 ; *Roberts v. Burke*, 6 Ala. 348 ; Drake on Attach. (5th ed.), § 36.

3. *It would seem*, even were the point properly raised, that there was no error in refusing to allow Hamill and Copeland, who were strangers to this proceeding, to intervene for the purpose of protecting any interest which they may have acquired *pendente lite* in the land levied on by attachment. Their rights, if any, were acquired after the levy of the attachment,

[The State v. Houston.]

and they were neither proper nor necessary parties to the suit. The rule seems to be settled, that mere strangers, who are neither parties to the suit, nor privies to the process, can not intervene in attachment proceedings, to move a dissolution or vacation of the levy, or to interpose other like defense.—*May v. Combray*, 47 Ala. 185 ; *Rea v. Longstreet*, 54 Ala. 291.

4. But, however this may be, the defendant in attachment was not prejudiced by the action of the court in refusing to allow these strangers to intervene, and can base no assignment of error on it. The point, moreover, could be presented only by bill of exceptions, and there is none in the record.

Judgment affirmed.