# Hoffman, Ahlers & Co. *v.* Alabama Distillery & Feeding Company.

### *Certiorari to Correct Judgment.*

1. *Descriptio personæ; what is in return of service.*—Service of process returned in the following words: "Executed the within by personal service, on Jule L. Lockwood, president," shows service on the person named as an individual—the word "president" being mere *descriptio personæ.*

2. *Judgment by default against corporation; what service must show.*—To authorize the rendition of judgment by default against a corporation, the record must show that proof was made to the court that the person on whom the process was served was, at the time of the service, such an officer or agent of the defendant as by law was authorized to receive service for and on behalf of defendant.—Code, § 3274.

APPEAL from Birmingham City Court.

Tried before Hon. W. W. WILKERSON.

Hoffman, Ahlers & Co. brought suit against the Alabama Distillery & Feeding Co., a corporation. The suit was in justice court, and the return of the service of the summons made by the constable was, "executed the within by personal service on Jule L. Lockwood, president." Judgment by default was rendered; and the defendant applied for and obtained the common law writ of *certiorari* to have the judgment declared void. The only question considered in the opinion is whether or not the justice court had any jurisdiction at the time the judgment was rendered, of the person of the defendant.

[Hoffman, Ahlers & Co. v. Alabama Distillery & Feeding Co.]

BROWN & MURPHY, for appellant, contended that the opinion in the *Independent Pub. Co.* case, in 102 Ala. 495, was not in accordance with the weight of authority, and should be reviewed, citing the dissenting opinion in that case, and the authorities there cited.

Z. T. RUDULPH, *contra.*
No brief came to the reporter.

HARALSON, J.—Common law writ of *certiorari* from the judge of the city court of Birmingham, to correct alleged errors apparent, in the rendition of a judgment by a justice of the peace. On final hearing the court granted the prayer of the writ and quashed the judgment that had been rendered.

The suit was by the appellants, Hoffman, Ahlers & Co., plaintiffs, against the appellee· Alabama Distillery & Feeding Company, a corporation, defendant, and was on a promissory note by the company ·to plaintiff, on which judgment by default was rendered by the justice for $82.62 and costs, on February 11th, 1899. The writ was presented to the judge, and was duly issued on the 17th of that month. The grounds presented· for the writ and for quashing the judgment, were (1) that the judgment by default failed to recite the fact of proof, that the person upon whom the service of the summons was had was an officer of the corporation, who was authorized under the statute to receive service of process; (2) that the judgment being by default against a corporation was improper and erroneous, in that it failed to recite that proof of service on a proper officer of the corporation was made, upon which to found the judgment; and (3) that judgment by default was rendered without proof of service upon a proper officer of the corporation.

The service made by the constable was in the following words: "Executed the within by personal service on Jule L. Lockwood, president, this 8th day of February· 1899." The word "president," following the name of Lockwood in the service, was mere *descriptio personæ*, and the service was upon him individually.—*Luvas v. Pitman*, 94 Ala. 616; *Lowery v. Daniel*, 98 Ala.

[Francis v. Southern Railway Co.]

451. To authorize the rendition of judgment by default against a corporation, the record must show that proof was made to the court that the person on whom the process was served was, at the time of the service, such an officer or agent of the defendant, as, by law was authorized to receive service for and on behalf of defendant. Code, § 3274; *M. F. I. Co. v. Fowler,* 76 Ala. 372; *Oxana B. & L. Asso. v. Agee,* 99 Ala. 571; *I. P. Co. v. A. P. Asso.,* 102 Ala. 475, 493. In the case last cited, the same question as here presented was considered at length and with great care, in which we held that on such a service the justice's court did not have jurisdiction of the defendant and the judgment was improperly rendered. The circuit court dismissed the writ of *certiorari* and rendered judgment against the petitioner and his sureties on the *certiorari* bond. This court reversed that judgment, and rendering the one the circuit court should have rendered, set aside and vacated the judgment rendered by the justice of the peace. It is unnecessary and we are indisposed to rehearse the views we there expressed, to which we now adhere, and this, without more, compels the affirmance of the judgment of the city court quashing the judgment rendered by the justice. See also *M. & O. R. Co. v. Brannon,* 96 Ala. 461.

Affirmed.