# H. H. Hitt Lumber Co. *v.* Turner.

## *Assumpsit.*

(Decided June 9, 1914.   65 South. 807.)

1. *Justices of the Peace; Complaint in Actions Before.*—Under section 4646, Code 1907, a complaint is unnecessary in a justice court, although it may be properly filed.

2. *Same; Judgment; Default; Corporation.*—Where the record did not show that the person upon whom process was served was such an agent or officer of the corporation as was by law authorized to receive service in that behalf, a judgment by default against the corporation in the justice court was void.

3. *Corporation; Service of Process on.*—Service of summons on "H. H. Hitt, of the Hitt Lumber Company," showed service on H. H. Hitt, individually, the added words being merely descriptio personæ.

[H. H. Hitt Lumber Co. v. Turner.]

4. *Pleading; Failure to Traverse; Admissions.*—All material facts which are well pleaded in a petition and are not denied or put in issue by the answer must be taken as true.

5. *Appeal and Error; Review; Presumption.*—Where the name of a defendant is appropriate for either a partnership or a corporation, and the record is silent as to the character of defendant, no presumption arises either way.

(Anderson, C. J., dissents.)

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

S. J. Turner obtained judgment against the H. H. Hitt Lumber Company in a justice court, and the lumber company petitioned for certiorari to quash such judgment. The circuit court denied the writ and petitioner appeals. Reversed and judgment rendered quashing the judgment in the justice court.

CALLAHAN & HARRIS, for appellant. In the absence of anything to the contrary, the name of the defendant imports a corporation.—*Moore v. Martin & Hoyt Co.,* 124 Ala. 292; 41 S. E. 79; 9 Minn. 239. The judgment did not show nor the record recite that the person on whom service was made was such as was authorized by law to receive service, and the judgment being by default, it was void.—*Ex parte Nat. Mfg. Co.,* 146 Ala. 600; *Independent Pub. Co. v. Am. Pr. Assn.,* 102 Ala. 475. The service upon H. H. Hitt did not authorize default judgment against the corporation.—*Elliott v. Smith,* 1 Ala. 74; *Chapman v. Spence,* 22 Ala. 588.

STREET & ISBELL, for appellee. The fact that the petition alleged that defendant was a corporation cannot be regarded unless the records of the justice court shows it expressly or by necessary implication.—*Bolling v. Sandlin,* 124 Ala. 578. Invalidity must appear affirmatively upon the face of the record, otherwise, the presumption will be indulged in favor of the record.—*Boll-*

*ing v. Sandlin, supra; Publisher's Co. v. Press Assn.,* 102 Ala. 475; *Seymour v. Thompson,* 81 Ala. 250. It is not necessary that a complaint be filed in the justice court.

GARDNER, J.—This cause brings up for review the action of the circuit court in dismissing the petition for common-law certiorari, which sought annulment of the judgment of the justice of the peace rendered against petitioner, appellant here. The appeal was to the Court of Appeals, and was duly transferred to this court under the provisions of Acts 1911, p. 449.

It is alleged that petitioner is a corporation, and that neither it nor any agent has been served with process in the suit, and that it had no knowledge thereof until the presentation of execution; that the judgment of the justice of the peace does not show that any service was had upon the petitioner (defendant in the suit), nor that independent proof was made to the court before judment was rendered against defendant that the person on whom service was had. was an agent of the defendant.

The proceedings before the justice disclose a summons issued to H. H. Hitt, of Hitt Lumber Company. The return thereon is as follows:

"I have executed the within by handling a copy of the same to H. H. Hitt this 21st day of September, 1912.

"R. N. McCulloch, Sheriff."

The complaint which accompanied the summons (we may presume from the appearance thereof as shown in the transcript that the summons and the complaint were on the same paper) is styled, *"S. J. Turner, Plaintiff, v. H. H. Hitt Lumber Co., Defendant."* The record of the justice shows cause styled, *"S. J. Turner v. H. H. Hitt Lumber Co."* The record of that court also shows that the judgment was by default.

Under our statute civil suits before justices of the peace, unless otherwise provided, must be commenced by summons issued by him, with the cause of action indorsed thereon.—Code, § 4646. A complaint therefore is unnecessary, as has been held, though, of course, it is proper, and is quite as sufficient as if indorsed on the summons.—*Bessemer Ice Delivery Co. v. Brannen,* 138 Ala. 161, 35 South. 56.

The summons in this cause, as shown above, was issued and directed to H. H. Hitt, of Hitt Lumber Company.

In the case of *Hoffman, etc., v. Ala. Dis. Co.,* 124 Ala. 542, 27 South. 485, it was held that service of summons on Jule L. Lockwood, president, showed service on the person named *as an individual;* the word "President" being mere descriptio personæ.

In the case of *Memphis & C. R. Co. v. Brannum,* 96 Ala. 461, 11 South. 468, it was held that, where summons issued to Thomas G. Morrow as agent of the Memphis & Charleston Railroad, the words, "as agent of the Memphis & Charleston Railroad" were descriptio personæ, and that the service was upon him as an individual.

Under these authorities it must be held here that the words "of Hitt Lumber Company" are merely descriptive, and that the summons was issued and served upon H. H. Hitt as an individual. We therefore have here a complaint and docket showing the style of the defendant as H. H. Hitt Lumber Company, and a service had upon H. H. Hitt as an individual. The record is silent as to whether the defendant in that suit was a partnership or a corporation.

It is insisted by counsel for appellee that in order to support the judgment it should be presumed that appellant was a partnership, and that H. H. Hitt was a

member of that firm, and that therefore a partnership was sued, and service was had upon a member thereof. In support of this insistence we are cited to no authority.

It will be conceded that the name H. H. Hitt Lumber Company is appropriate for either a partnership or a corporation. We know of no rule whereby a presumption arises either way. As was said in the case of *Seymour & Sons v. Thomas Harrow Co.*, 81 Ala. 252, 1 46:

"When the name of the plaintiff fairly imports either a partnership or an incorporated company, and the record is silent as to the character of the plaintiff, no presumption either way arises, and is not created by the mere use of the plural number."

It is true it was held in that case that where suit is brought in a name appropriate for a corporation, and the capacity to sue is not put in issue, the capacity to sue and corporate existence, if necessary, will be intended for the purposes of the suit, but this is a matter going to the *regularity* of the proceedings only, and no jurisdictional question is involved.

Our statute prescribes how service may be had upon a corporation.—Code, § 5303. This court has strictly adhered to the following principle as stated in *Ex parte National Lumber Mfg. Co.*, 146 Ala. 603, 41 South. 10:

"To authorize a judgment by default against a corporation, the record must show that proof was made that the person upon whom process was served was, at the time of the service, such an agent or officer as by law was authorized to receive service for and on behalf of the corporation. This has been the rule of practice in this state since the case of *Huntsville v. Waler*, Minor, 391. This rule has been followed in numerous cases decided by this court, and has become too firmly established to be now overturned.—*St. John v. Tombeckbee Bank*, 3 Stew. 146; *Wetumpka & C. R. R. Co. v. Cole,*

6 Ala. 656; *Oxford Iron Co. v. Spradley,* 42 Ala. 24; *Southern Express Co. v. Carroll,* 42 Ala. 437; *M. & E. R. R. Co. v. Hartwell,* 43 Ala. 508: *Independent Pub. Co. v. Amer. Press Association,* 102 Ala. 475, 15 South. 947; *Hoffman v. Ala. Distillery & Feeding Co.,* 124 Ala. 542, 27 South. 485."

Although it is alleged that petitioner is a corporation, and there is no denial thereof, we are urged by counsel to presume that appellant is a partnership, and that service was had upon a member thereof, in order to uphold the judgment.

It is the general rule that all material facts which are well alleged in the petition, and not denied or put in issue by the answer, must be taken as true.—6 Cyc. 790.

We recognize the rule that, jurisdiction of the justice court having once attached, its subsequent proceedings are presumed to be as regular as those of a court of general jurisdiction, and cannot be collaterally impeached or attacked (*Ex parte Davis,* 95 Ala. 9, 11 South. 308), and that its judgment and record cannot be varied or contradicted by parol. The court (to quote an expression often used in the decisions) is "shut up" in rendering judgment to what appears on the face of the proceedings, and it cannot be shown in this proceeding that the record recitals of the inferior court, when the judgment was rendered, were not true.—*Webb & Stagg v. McPherson & Co.,* 142 Ala. 540, 38 South. 1009; *Bolin v. Sandlin,* 124 Ala. 578, 27 South. 464, 82 Am. St. Rep. 209.

This last-cited case of *Bolin v. Sandlin* is relied upon by counsel for appellee to the effect that the petition cannot be looked to notwithstanding there is no denial, in order to show that petitioner is a corporation. The case as reported in 124 Ala. does not disclose what were the grounds of objection to the jurisdiction in the jus-

tice of the peace in that case, but a more complete report thereof is found in the case as reported in 27 South. 464.   There it is found that the objection was that the justice was not a justice for the precinct in which the trial was had and in which defendant resided.   It was a suit in detinue, and the transcript certified to the circuit court in response to the writ of certiorari showed that the docket and all the papers so certified were *regular on their face*.   The opinion shows that the defendant appeared before the justice for trial, and fails to show that any objection was interposed as to the jurisdiction.

It thus appears that the proceedings were regular on their face, and disclosed *jurisdiction* of the *person* and *subject-matter*.   And courts do not permit such to be varied or contradicted by parol.—*Lightsey v. Harris*, 20 Ala. 409; *Ex parte Davis, supra.*

It is quite clear, therefore, without further comment, that the above case, relied upon, does not support the contention made.

In the case of *Independent Pub. Co. v. American Press Association*, 102 Ala. 492, 15 South. 953, it is said that:

"A valid personal judgment cannot be rendered without record evidence that the defendant has been notified by a proper officer in a legal way."

Without proper service or a legal appearance, of which there is record evidence, the court is without jurisdiction of the person.   Also see *Cottingham v. Smith*, 152 Ala. 664, 44 South. 864; 24 Cyc. 590, 595.

The averment in this petition, treated here as confessed, that the petitioner is a corporation, merely shows that a personal judgment was rendered without legal service and of which there is no record evidence.   It does not vary or contradict the record or proceedings, but merely renders the same intelligible.—*Ex parte*

*Davis, supra.* To hold that, because the proceedings before the justice were silent as to whether it was a corporation or a partnership, jurisdiction will be presumed would be to permit the plaintiff to profit by his own fault or neglect. The strict rule, adhered to by this court for so many years, as to judgment by default against a corporation, requires that the record disclose this jurisdictional fact, and the decisions contain no qualifying terms. The petition alleges that petitioner is a corporation. There is no denial; and therefore it is accepted as true. So accepted, it shows a judgment against a corporation, H. H. Hitt Lumber Company, and shows service upon H. H. Hitt as an individual; neither the service nor any part of the proceedings disclosing that such individual was agent, etc., of the corporation or that any proof was had thereof.

Under the uniform decisions of this court, the judgment is void.

That common-law writ of certiorari is the proper remedy is, of course, not questioned.—*Beach v. Lavender Bros.,* 138 Ala. 406, 35 South. 352.

As this disposes of the case, the question of departure as to summons and judgment, as shown by the record in the justice court, argued by counsel, need not be considered. We cite without comment *Memphis & C. R. Co. v. Brannum, supra.*

Our conclusion therefore is that the court below erred in dismissing the petition, and its judgment is here reversed. Judgment will be here rendered quashing and vacating the judgment in the justice court, brought under review by the writ, as prayed in the petition filed in the circuit court by appellant.

Reversed and rendered.

McClellan, Mayfield, Sayre, Somerville, and de Graffenried, JJ., concur. Anderson, C. J., dissents.