(81 South. 844)

## INDEPENDENT ORDER OF BROTHERS AND SISTERS OF CONSOLATION v. WALKER. (6 Div. 514.)

(Court of Appeals of Alabama. April 22, 1919.)

1. INSURANCE ☞814—SERVICE OF SUMMONS —UNINCORPORATED FRATERNAL SOCIETY.

In action against unincorporated fraternal insurance society, service of summons, if sufficiency is to be determined by Acts 1911, p. 712, § 17, was insufficient where not made upon insurance commissioner.

2. JUDGMENT ☞17(10)—PROCESS TO SUPPORT — UNINCORPORATED FRATERNAL SOCIETY — RETURN AND JUDGMENT RECITAL.

In action against unincorporated fraternal insurance society, sheriff's return and recital of judgment that service was upon "A, as chief of" the society, were insufficient, without proof that A. was agent of the society, to support default judgment, under Code 1907, § 5303, and Acts 1909, p. 279, notwithstanding Acts 1915, p. 607, where they did not state that A. was an agent of the society, or that he was, in fact, chief or an officer thereof.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Lucy Walker against the Independent Order of Brothers and Sisters of Consolation on a policy of insurance. Judgment for plaintiff by default, and defendant appeals. Reversed and remanded.

Goodwyn & Ross, of Bessemer, for appellant.

Mathews & Mathews, of Bessemer, for appellee.

SAMFORD, J. This being a judgment by default, the one question presented is whether the record shows sufficient service upon which to base a judgment by default.

The sheriff's return is as follows:

"Executed this 29th day of May, 1917, by leaving a copy of the within summons and complaint with A. Mitchell, as chief of the Independent of the Brothers and Sisters of Consolation, defendant."

The recitals in the judgment entry are as follows:

"On this, the 15th day of October, 1917, came the plaintiff, and it being made known to the court that service was had on the defendant, Independent Order of the Brothers and Sisters of Consolation, by leaving a copy of summons and complaint with A. Mitchell, as chief of the Independent of the Brothers and Sisters of Consolation, defendant," etc.

Assuming that the omission of the word "Order" from both the return and the minute entry is self-correcting, we proceed to a consideration of the question presented as determined by the statutes.

Prior to the act of the Legislature of 1909 (Acts 1909, p. 279), it was extremely difficult to obtain service of a summons and complaint upon an unincorporated society or association, and that act was designed to remedy a condition theretofore existing in that respect. The act referred to, in effect, makes the same provision for service on all unincorporated organizations and associations that issue policies or certificates of insurance as section 5303 of the Code of 1907 does with reference to corporations. Whether the act of the Legislature of 1911 (Acts 1911, p. 700, § 17) has the effect of repealing the act of 1909 is not here decided; it not being necessary to pass upon that question in determining the instant case.

[1, 2] If this case should be determined by section 17 of the act of 1911 supra, it would be evident that the defendant had not been properly served; that act requiring service to be had upon the insurance commissioner of the state of Alabama. If it is to be measured by the act of 1909 supra, under the influence of the decisions of the Supreme Court construing the analogous statute relative to corporations (Code 1907, § 5303), then we must hold that the return of the sheriff, however full, will not support a judgment by default without proof of the agency of the party served. Hoffman v. Alabama Distillery Co., 124 Ala. 542, 27 South. 485; I. P. Co. v. A. P. Ass'n, 102 Ala. 475, 15 South. 947; Hitt Lumber Co. v. Turner, 187 Ala. 56, 65 South. 807, in which last opinion is quoted the following:

"To authorize a judgment by default against a corporation, the record must show that proof was made that the person upon whom process was served was, at the time of the service, such an agent or officer as by law was authorized to receive service for and on behalf of the corporation. This has been the rule of practice in this state since the case of Huntsville v. Waler, Minor, 391."

It is true that in the act of the Legislature approved September 17, 1915 (Acts 1915, p. 607), it is provided that the return of the officer executing the summons that the person to whom delivered is the agent of the corporation shall be prima facie evidence of such fact and authorize judgment by default or otherwise without further proof of such agency, and this fact need not be recited in the judgment entry, has the effect of changing the rule as laid down in the foregoing cases with reference to judgment entries, but none the less these decisions thereupon become authorities upon the construction to be placed upon the return of the officer, and, even if the amendment of section 5303, supra, be made to apply with equal force to the act of the Legislature of 1909, the return of the officer in the instant case must be meas-

ured by the rules as laid down by the act and by the decisions. Bearing the foregoing in mind, it will be observed that the return of the sheriff nowhere states that the person upon whom the summons and complaint was served is the agent of the corporation or association; neither does the judgment entry cover this defect. It is true that the judgment entry recites that service was had on the defendant by leaving a copy of the summons and complaint with A. Mitchell, as chief, etc., but whether he was such chief or whether he was indeed any officer of the defendant is not stated either in the return of the sheriff or in the judgment entry.

It follows, therefore, that the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.