(92 South. 604)

## FARMERS' STATE BANK OF HUNTSVILLE v. INMAN. (8 Div. 416.)

(Supreme Court of Alabama.   April 6, 1922.)

**1. Process ⊜⇒133—Construction of return in conformity with officer's duty adopted.**

Where the return of an officer indorsed on the process is susceptible of different meanings, that construction which is most conformable with the officer's legal duty will be adopted.

**2. Process ⊜⇒133—Rule of construction of officer's return stated.**

Nice criticism of words used in a return will not be indulged, and where the language employed fairly permits the inference that the law's exactions were met, the return is sufficient.

**3. Corporations ⊜⇒507(13)—Return of process held sufficient as showing service on cashier of corporation.**

Under Gen. Acts 1915, p. 607, amending Code 1907, § 5303, authorizing service against a corporation by delivery of a copy of the summons to the cashier thereof, and providing that a return showing such delivery shall be prima facie evidence that delivery was made to an agent of the corporation, a sheriff's return indorsed on the summons, showing that a copy was left with "R. A., Cashier," was sufficient.

**4. Equity ⊜⇒418—Proper notice of an amendment not being given, decree pro confesso held erroneous.**

Where after a decree pro confesso notice of an amendment was given as required by Code 1907, § 3133, and Chancery Rules 40, 44, providing for notice entered on the register, but not as required by Gen. Acts 1915, p. 706, which superseded the former law, the decree on the amendment was premature and erroneous.

Appeal from Circuit Court, Madison County; Robt. C. Brickell, Judge.

Bill by Kate E. Inman against the Farmers' State Bank of Huntsville. From a decree for complainant, defendant appeals. Reversed and remanded.

In granting the plaintiff the right to amend her bill, the court ordered as follows:

"And it appearing to the court that the respondents in said bill are in default for want of an answer, it is ordered by the court that notice of the amendment and the order of the court upon the same be entered on the order book of the register, as directed by section 3133, Code 1907, for 10 days from this date."

S. H. Richardson and R. E. Smith, both of Huntsville, for appellant.

The return of the sheriff was not sufficient to authorize a decree pro confesso against the corporation. Acts 1915, p. 607; 200 Ala. 26, 75 South. 338; 202 Ala. 653, 81 South. 609; 17 Ala. App. 66, 81 South. 844; 187 Ala. 56, 65 South. 807. The notice was not sufficient to authorize a decree pro confesso on the amended bill. Acts 1915, p. 705.

White & Watts, of Huntsville, for appellee.

The sheriff's return showed a proper service to authorize a decree pro confesso against the corporation. Acts 1915, p. 607; 201 Ala. 13, 75 South. 304. The respondents being in default, an entry on the order book for 10 days was a sufficient notice of the amendment to authorize a decree pro confesso thereon. Section 3133, Code 1907; 154 Ala. 428, 46 South. 234; 196 Ala. 269, 72 South. 118. Chancery Rules 40 and 44.

McCLELLAN, J.   Bill in equity, filed by appellee against appellant and others. There was decree for complainant (appellee), following decrees pro confesso.

The return of the sheriff, indorsed on the summons to the appellant corporation, is in these words:

"I have executed the within by handing a copy of the same to Farmers' State Bank by leaving a copy with Robt. Adair, cashier, this 10th day of December, 1920."

The act approved September 17, 1915 (Gen. Acts, pp. 607–608), amending Code, § 5303, reads:

"That section 5303 of the Code of Alabama be and is hereby amended so as to read: 5303. How Corporation Served. When the suit is against a corporation the summons may be executed by the delivery of a copy of the summons and complaint to the president, or other head thereof, secretary, cashier, station agent or any other agent thereof. The return of the officer executing the summons that the person to whom delivered is the agent of the corporation shall be prima facie evidence of such fact and authorize judgment by default or otherwise without further proof of such agency and this fact need not be recited in the judgment entry."

[1, 2] The argument is that the statute was not observed; that jurisdiction of the corporation was not obtained through the service shown by the return, for that the return does not affirm that Adair was cashier of the corporation at the time of the purported service. Where the return of an officer indorsed on process is susceptible of different meanings, in construction of the return that meaning will be adopted which is most conformable with the officer's legal duty; this in consonance with the unrebutted presumption of proper discharge of an official duty. Murphree on Sheriffs, §§ 839, 864; 21 R. C. L. 1316; Blinn v. Chessman, 49 Minn. 140, 51 N. W. 666, 32 Am. St. Rep. 536, 539; Sodini v. Sodini, 94 Minn. 301, 102 N. W. 861, 110 Am. St. Rep. 371, 373, 374; 32 Cyc. pp. 498, 499. This court early manifested its approval of the indicated presumption and of a liberal spirit in construing returns made by

sheriffs. Mayfield v. Allen, Minor, 274; Fears v. Thompson, 82 Ala. 294, 2 South. 719; McGowin v. Dickson, 182 Ala. 161, 62 South. 085; McAbee v. Parker, 78 Ala. 573, 575; Morrow v. Norvell Hdw. Co., 165 Ala. 331, 333–335, 51 South. 766. "A sheriff's return should be certain, yet the highest degree of certainty is not required." Bruce v. Cloutman, 45 N. H. 37, 84 Am. Dec. 111, 113. Nice criticism of words used in a return will not be indulged; and, if the language employed fairly permits the inference that the law's exactions were met, the return is sufficient. 32 Cyc. pp. 498, 499, and note 4, collating supporting decisions.

"The presumption is always in favor of the correctness of an officer's return, unless inconsistent with the manifest probabilities of the case." McAbee v. Parker, supra.

[3] According appropriate effect to the pertinent rules of construction of the returns of sheriffs, the return above reproduced was sufficient in the premises. The corporation was made by the service subject to the jurisdiction of the court. To interpret this return as appellant contends would contradict the manifest effect of its language. That the return intended to affirm that Adair was then, at the time of service, the cashier of appellant cannot be well denied without recourse to methods of refinement inconsistent with the view this court has long enforced in construing returns of officers. The cases of Sawyer v. Edwards, 200 Ala. 26, 75 South. 338, and others noted on brief for appellant, do not conclude to the contrary. The Sawyer Case concerned a return on a summons to a corporation thus phrased in the transcript on file here:

"Executed by handing the defendant J. T. Sawyer & A. M. Brock a copy of the within on the 8th of Nov. 1915."

As appears, this return made no allusion to any corporate officer or agent of the defendant "Brockton Mercantile Company," and did not recite that the person served (A. M. Brock) was an officer or agent of the defendant corporation.

[4] After decree pro confesso taken against appellant, as well as other respondents, the complainant amended her bill; and, failing answer by appellant and its correspondents, decrees pro confesso were taken; and on final submission final decree in complainant's favor was rendered. The only notice undertaken to be given of this amendment of the bill was that authorized by Code, § 3133, and Chancery Rules 40, 44. The act approved September 22, 1915 (Gen. Acts, p. 706), superseded the regulations made by Code, § 3133, and Chancery Rules 40 and 44 in so far as they were inconsistent with provisions of the general act of 1915. The notice pre-

scribed in the act of 1915 is a prerequisite to a decree pro confesso on an amended bill against any defendant, whether answering theretofore or not. The notice required by the act of 1915 of the amendment of complainant's bill was not given; hence, the decree pro confesso was premature and erroneous. The express language of the act of 1915 refers to and imposes its rule upon "all amendments" within its purview; and the amendment made by this complainant was subject thereto.

For this reason the decree is affected with error. It is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.