(94 South. 105)

## FARMERS' STATE BANK OF HUNTS-VILLE v. INMAN et al. (8 Div. 412.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. Equity ⬩446—Bill of review not granted unless there are errors of law apparent on the face of the decree.

The errors which will support a bill of review are errors of law apparent on the face of the decree.

2. Equity ⬩117—Failure of respondent to properly plead misnomer waives the defect.

Where a bill described respondent as Farmers' State Bank, where the true name was The Farmers' State Bank of Huntsville, the failure of respondent to point out the partial misnomer by a proper plea constituted a waiver of the defect.

3. Corporations ⬩507(13)—Return of process held sufficient to show service on agent.

Under Gen. Acts 1915, p. 607, providing that the return of process showing delivery to an agent shall be prima facie evidence of such fact, and authorize judgment by default without further proof, a sheriff's return indorsed on the summons, showing that a copy was left with "R. A., Cashier," was sufficient, and dispensed with proof that he was an agent on whom service could be lawfully had.

4. Equity ⬩446—Decree pro confesso not subject to bill of review because sheriff's return does not give the year.

That the sheriff's return on which a decree pro confesso was entered recites that the process was executed on a certain day, without giving the year, is not ground for bill of review where the omission is cured by other parts of the record, and the year can be presumed.

5. Equity ⬩446—Decree pro confesso held erroneous and subject to bill of review where proper notice of amendment was not given.

Where, after decree pro confesso, constructive notice of an amendment was given by entering the amendment on the order book of the register, as required by Code 1907, § 3133, and chancery rules 40, 44, and not by personal notice, as required by Gen. Acts 1915, p. 705, which repealed the former law, the decree on the amendment was erroneous, and the error was apparent on the face of the record, and ground for a bill of review.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Bill by the Farmers' State Bank of Huntsville against Kate E. Inman and others. From a decree sustaining demurrer, complainant appeals. Reversed and remanded.

This proceeding is by a bill of review to impeach and annul a decree of the circuit court in equity. The bill exhibits the record proceedings leading up to the decree in question, and shows the following as grounds for the relief prayed:

(1). That suit was filed by this respondent Kate E. Inman against "Farmers' State Bank, a corporation," described in the bill as a domestic corporation "engaged in the general banking business in Huntsville, Ala." The process issued therein was served on this complainant, whose true corporate name was and is "The Farmers' State Bank of Huntsville, Ala."

(2) The sheriff's return on said process is as follows: "I have executed the within by handing a copy of same to Farmers' State Bank by leaving copy with Robert Adair, cashier. This 10th day of December, 1920"— and the record fails to show that proof was made to the court that said Robert Adair was in fact an agent of said Farmers' State Bank upon whom service could be lawfully had.

There was no answer filed nor appearance made by "Farmers' State Bank," nor by any bank, and on March 28, 1921, a decree pro confesso was taken before the register and duly entered by him, his recital being that it appeared to him that the summons to Farmers' State Bank, a corporation, etc., was served upon Robert Adair, cashier of said bank, by the sheriff, on December 6, 1921, wherefore the bill of complaint was taken as

confessed against said Farmers' State Bank. Thereafter, on April 28, 1921, the complainant therein applied for permission to amend her said bill of complaint, and an order of allowance was duly made and filed by the presiding judge. The order recited that the defendants to the bill were in default, and directed that notice of the amendment be entered on the order book by the register in accordance with section 3133 of the Code—which was done accordingly, and no other notice was given of the amendment, and a copy was not served on the respondents in default.

(4) No note of testimony was made and filed by the register on or before the submission of the cause for final decree; and, in particular, none was made noting any proof of the agency of said Robert Adair at the time he was served with process against said bank, nor noting the fact of the rendition of the decree pro confesso against said bank.

A demurrer was filed to the bill setting up want of equity, and numerous other grounds, and this appeal is from the decree sustaining the demurrer.

R. E. Smith and Betts & Richardson, all of Huntsville, for appellant.

A judgment will be vitiated by a misnomer of the parties therein. 23 Cyc. 815; 119 Ala. 484, 24 South. 516, 72 Am. St. Rep. 928; 89 Ala. 375, 7 South. 650. The service here will not support a decree pro confesso, without further proof of the agency of the person served. Acts 1915, p. 607; Code 1907, § 5303; 124 Ala. 542, 27 South. 485; 96 Ala. 461, 11 South. 468; 187 Ala. 56, 65 South. 807; 102 Ala. 475, 15 South. 947; 17 Ala. App. 66, 81 South. 844; 16 Ala. App. 159, 75 South. 875. Notice is necessary to perfect every amendment of which notice is required, and without it the case will be reversed on appeal. Acts 1915, p. 705; 196 Ala. 269, 72 South. 118; 203 Ala. 228, 82 South. 478.

White & Watts, of Huntsville, for appellees.

If a corporation is sued by the wrong name, the only mode of taking advantage of the misnomer is by plea in abatement; and if that mode is not resorted to, the error is waived. 106 Ala. 303, 17 South. 395; 30 Ala. 650; 100 Ala. 272, 14 South. 109; 11 Ala. 549; 7 Ala. App. 462, 61 South. 22; 73 South. 757. A sheriff's return is prima facie evidence of the facts stated therein. Acts 1915, p. 607; 201 Ala. 13, 75 South. 304. When defendant is in default, and amendment of the bill is made at the hearing in term time, notice of the granting of the amendment may be given by entry on the order book of the register for such time as the chancellor may direct. Code 1907, § 3133; Ch. Rules 40, 44; 154 Ala. 428, 46 South. 234; 196 Ala. 269, 72 South. 118.

SOMERVILLE, J. [1] "The errors which will support a bill of review are errors of law apparent on the face of the decree. There must be error in substance, of prejudice to the party complaining, apparent on the face of the pleadings, proceedings or decree. * * * Or, as it is expressed in 2 Dan. Ch. Pr. 1576, 'the decree complained of, must be contrary to some statutory enactment, or some principle or rule of law or equity, recognized and acknowledged, or settled by decision, or be at variance with the forms and practice of the court.'" McCall v. McCurdy, 69 Ala. 65, 71.

[2] 1. In the proceeding under review the complainant herein was sued as Farmers' State Bank, a corporation, and was described in the bill of complaint as "a corporation organized and existing under the laws of the state of Alabama, and engaged in the general banking business in Huntsville, Ala." If complainant's full corporate name was and is, as now alleged, "The Farmers' State Bank of Huntsville, Ala.," its partial misnomer in the original bill should have been pointed out by a proper plea, and the failure to do so was a waiver of the defect. M. & C. R. R. Co. v. Brannum, 96 Ala. 461, 463, 11 South. 468; Whittlesey v. France, 74 N. Y. 456. Had such a plea been filed disclosing the corporation's full name, the complainant could have amended accordingly, and it would not have worked a change of parties. S. A. & M. Ry. v. Buford, 106 Ala. 303, 17 South. 395; Singer Mfg. Co. v. Greenleaf, 100 Ala. 272, 14 South. 109.

The misnomer complained of is not apparent upon the record, and if it were it would not, under the circumstances shown, be a meritorious ground for relief.

[3] 2. Prior to the act of September 17, 1915 (Gen. Acts 1915, p. 607), to authorize a judgment by default against a corporation it was necessary that the record should show that proof was made to the court that the person on whom the process was served was, at the time of the service, such an officer or agent of the defendant as was by law authorized to receive service for and on behalf of defendant (Hoffman v. Ala. D. & F. Co., 124 Ala. 542, 27 South. 485); and the return of the sheriff, on the process did not meet the requirement. Manhattan, etc., Ins. Co. v. Fowler, 76 Ala. 372. But, under the act referred to, "the return of the officer executing the summons that the person to whom delivered is the agent of the corporation shall be prima facie evidence of such fact, and authorize judgment by default without further proof."

We think that the sheriff's return in the cause under review is a sufficient statement of the required fact, and dispensed with the proof otherwise necessary. In another cause between these same parties, we have recently so held as to this identical return. Farmers'

State Bank v. Inman, 207 Ala. 284, 92 South. 604.

In the cases cited by counsel for appellant the returns were quite different from the one here exhibited—as for example, in Hoffman v. Ala. D. & F. Co., 124 Ala. 542, 27 South. 485, "Executed the within by personal service on Jule L. Lockwood, president"; in Hitt Lumber Co. v. Turner, 187 Ala. 56, 65 South. 807, "I have executed the within by handing a copy * * * to H. H. Hitt"; and in Independent Order, etc., v. Walker, 17 Ala. App. 66, 81 South. 844, "Executed * * * by leaving a copy * * * with A. Mitchell, as chief of [said order]." Moreover, the first two of the cases above cited were decided prior to the act of 1915, and the point of decision was merely that the return showed service on the supposed agent as an individual, and did not show service on the corporation named in the process as defendant.

In Oxanna Bldg. Ass'n v. Agee, 99 Ala. 571, 13 South. 279, the record recital was:

"Came the plaintiff by attorney, and the service having been proven on W. S. Larned, as secretary and treasurer of the defendant."

And it was observed that this proved nothing but the fact of service on Larned, and fell far short of the requirement.

The cases of Ind. Pub. Co. v. Am. Press Ass'n, 102 Ala. 475, 15 South. 947, and M. & C. R. R. Co. v. Brannum, 96 Ala. 461, 11 South. 468, involve no question as to the sufficiency of proof of agency, and are of no value here.

Serving process on a designated person as president, or as cashier, or as agent, is but a recital of the officer's assumption at the time of the service, and not the statement, as an ascertained fact, of such person's relationship to the defendant corporation. In the case before us, the return was of service on the Farmers' State Bank by leaving a copy with Robert Adair, cashier. This is as clearly a statement of the fact that Adair was at that time cashier of the bank, as if it were so recited in a sentence separate and complete in itself.

[4] There is no merit in the contention that the sheriff's return and the decrees pro confesso are invalid because the return recites that the process was executed on December 10th, without giving the year. The omission is cured by other parts of the record; and, if necessary, we would presume that the date of service was December 10, 1920. Certainly no error is apparent on the record.

[5] 3. Under the Code of 1907, a complete system regulatory of amendments to bills and answers in equity, and the practice therein, is found in sections 3124–3128, inclusive, and in Rules of Chancery Practice 39–45, inclusive.

The act of September 22, 1915 (Gen. Acts 1915, p. 705) was manifestly intended to be a comprehensive legislative revision of the subject. The act, according to its title, is "to regulate amendments to bills and answers in equity causes."

Section 1 makes amendments a matter of right when filed at any time before final decree, the only condition being that a party who files an amendment at the hearing, which necessitates a continuance by the opposite party in order to take additional testimony, may be required to pay all or any part of the costs, as may be fair and equitable. Section 2 provides that a copy of all amendments "filed hereunder" must be served on the defendant in person or by registered mail, with demand for a receipt therefor, which receipt must be filed in the cause; or it may be served by the sheriff. Section 3 provides that it shall not be necessary to obtain an order allowing an amendment, but all such amendments, when filed, shall relate back and become a part of the bill or answer amended as fully as though it had been incorporated in the bill or answer when filed. Section 4 provides for the filing of a new or supplemental answer within 20 days after notice of the amendment has been served. Section 5 provides that "all laws general, or special, or local in conflict herewith, are hereby expressly repealed."

It is not necessary to now determine whether all of the pre-existing statutes and rules of practice above referred to have been repealed by this act. The question here presented is whether or not the act repeals by necessary implication those provisions of the Code (section 3133, and Ch. Pr. Rules 40 and 44) which authorize a merely constructive notice of amendments to bills, where defendants are in default for want of an answer, by entering the amendment on the order book of the register.

In Farmers' State Bank v. Inman, 92 South. 604,[1] we held that the act referred to does repeal those provisions, and that a decree following such an amendment without personal notice is affected with reversible error. That error, being apparent of record, is a sufficient foundation for this proceeding by bill of review. We hold that the bill contains equity in this aspect, and that the demurrer to the bill was improperly sustained.

Let the decree be reversed, and the cause remanded for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

[1] 207 Ala. 284.