GREEN v. NuGRAPE CO. (6 Div. 368.)

(Court of Appeals of Alabama. April 8, 1924. Rehearing Denied May 13, 1924.)

1. Appeal and error ⟐⟐920(1)—Appellate court presumes, where judgment rendered by default, that trial court correctly ruled on preliminary motions.

The appellate court will presume to the point of entering judgment by default, in absence of evidence to contrary, that trial court correctly ruled on various preliminary motions.

2. Judgment ⟐⟐17(10)—Return under statute is prima facie evidence of service sufficient to sustain judgment by default.

Under Acts 1915, p. 607, when an officer executing service makes return that person to whom process is delivered is defendant corporation's agent, such return becomes prima facie evidence sufficient to sustain a default judgment.

3. Appearance ⟐⟐27—Where appearance and pleadings have been filed under misapprehension, court may permit their withdrawal.

Where it was disclosed to court that appearance and pleadings had been made and filed under a misapprehension, and without authority from defendant, court could permit their withdrawal.

4. Judgment ⟐⟐103—Judgment by default is proper against defendant in court by legal service but without appearance.

A judgment by default is proper against a defendant in court by legal service but without appearance or other plea.

5. Judgment ⟐⟐150—Default judgment held set aside on plaintiff's motion for nonsuit.

Where, on motion of plaintiff, a nonsuit was entered and judgment rendered discharging defendant after rendition of a default judgment against him, such action set aside the default judgment, and plaintiff was bound by it.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action for damages by W. M. Green against the NuGrape Company. From the judgment, plaintiff appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

It was error for the court to permit the withdrawal of appearance and pleading. Code 1907, §§ 2989, 2990. Plaintiff should have had judgment nil dicit. Green v. Jones Bros., 102 Ala. 303, 14 South. 630; Grigg v. Gilmer, 54 Ala. 425.

---

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

T. A. Saulsbury, of Birmingham, for appellee.

No brief reached the Reporter.

Huey & Welch, of Bessemer, amicus curiæ.

No appearance being made by the defendant, judgment nil dicit could be had. McGrew & Sons v. Earnest, 167 Ala. 531, 52 South. 639; Foreman v. Lay, 6 Ala. 784; Harrison v. Holly, 46 Ala. 84; Grigg v. Gilmer, 54 Ala. 425; Talladega Ins. Co. v. Landers, 43 Ala. 115; Code 1907, § 2989; 4 C. J. 1371; 2 R. C. L. 323.

SAMFORD, J. [1, 2] In some respects this record presents a most novel situation. Plaintiff filed suit against the NuGrape Company, a corporation, and service was had upon one Papas, as agent of the company. Within the time allowed by law demurrers were filed by Saulsbury as attorney for defendant. Subsequently Huey & Welch, as attorneys for Papas, filed a special plea denying for Papas all connection with the NuGrape Company, at the time of service and at the time of trial, and, on the grounds as stated in the plea, moved that service be quashed. This motion was, on motion of plaintiff, stricken from the files. Whereupon Huey & Welch, as amicus curiæ, filed a motion to quash the service on Papas as agent, etc., and for the withdrawal of the appearance of Saulsbury and for the withdrawal of all pleadings filed by Saulsbury or themselves on behalf of the NuGrape Company, and as grounds for said motion alleged a lack of authority on the part of Papas as agent, a mistaken employment of Saulsbury, and themselves as attorneys for NuGrape Company by Papas. Upon the hearing of this motion, as is recited in the judgment entry, the motion to quash service was overruled, and permission to withdraw appearance and pleadings was granted, and by leave of the court Huey & Welch were allowed to withdraw all appearances, pleas, motion pleadings and interrogatories. The judgment then recites:

"On motion of plaintiff it is ordered and adjudged by the court that a judgment by default be rendered in favor of the plaintiff and against the defendant with leave to hereafter execute the writ of inquiry."

To the point of entering judgment by default, we must presume, in the absence of evidence to the contrary, and none appears in the bill of exceptions, that the court correctly ruled on the various motions. As to the default judgment, prior to the act of the Legislature approved September 17, 1915, Acts 1915, p. 607, in order to sustain a judgment by default against a defendant corporation, it was necessary for the record to affirmatively show that proof was made to the court that the person on whom the process was served was at the time of the service such an officer or agent of defendant, as was by law authorized to receive service for and on behalf of defendant. Hoffman & Co. v. Ala. Distillery & Feeding Co., 124 Ala. 542, 27 South. 485. But, the act of the Legislature, supra, has changed that rule, and, when, as in this case, the officer executing the service makes return that the person to whom the process is delivered is the agent of defendant, such return becomes prima facie evidence sufficient to sustain a judgment by default. Farmers' State Bank, etc., v. Inman, 208 Ala. 281, 94 South. 105.

[3, 4] Upon it having been disclosed to the court that the appearance and pleadings had been made and filed under a misapprehension by the attorneys, Huey & Welch, and without authority from defendant, the court had the undoubted authority to permit their withdrawal. Summerlin v. Dowdle, 24 Ala. 428. This left the defendant in court by legal service, but without appearance or other plea. The practice in such case is a judgment by default and not nil dicit. 9 Mich. Dig. p. 54, IV.

[5] Subsequent to the rendition of the judgment by default, on motion of plaintiff, a nonsuit was entered, and judgment rendered discharging the defendant. This action of the court, having been taken at the instance of plaintiff, has the effect of setting aside the judgment by default, and the plaintiff is bound by it.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.