(101 So. 903)

**SMITH v. SMITH et al.   (7 Div. 450.)**

(Supreme Court of Alabama.   Oct. 30, 1924.
Rehearing Denied Nov. 20, 1924.)

**Equity ⊂⇒422—Decree entered where cause not properly prepared for submission held erroneous.**

In suit for sale of land for division among *tenants in common,* where *complainant did not* give respondents notice of amendment as required by Gen. Acts 1915, p. 706, and bill as last amended was not answered by several respondents, nor decree pro confesso entered against them, final decree on merits on submission of cause in such condition was erroneous, case not being properly at issue, and submission should have been set aside.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Bill in equity by George Smith against A. J. Smith and others for sale of lands for division of proceeds among joint owners or tenants in common. From a decree denying relief, complainant appeals. Reversed and remanded.

J. M. Miller, of Gadsden, for appellant.

In view of the decision it is not necessary that brief be set out.

Culli, Hunt & Culli, of Gadsden, for appellees.

The bill was properly dismissed. Acts 1915, p. 705; Farmers' State Bank v. Inman, 208 Ala. 281, 94 So. 105; Roache v. Olive, 208 Ala. 612, 95 So. 23.

GARDNER, J. The bill in this cause was filed by the complainant against the respondents, seeking a sale of certain real estate therein described for division among the parties to the suit as tenants in common. The bill was filed May 8, 1920, and on June 1, 1920, respondents Carl and Bessie Cline and Floyd Cline Evans filed an answer thereto. On June 4, 1920, the bill was amended in material respects, and on June 1, 1920, answer was filed by another respondent, Harley Force, and on June 7th thereafter respondent A. J. Smith filed his answer, wherein he claimed title to the entire property. The bill was again amended in material respects on January 14, 1921. The guardian ad litem was appointed for respondent Roy Smith, a minor, and answer filed by such guardian on January 18, 1921. On September 3, 1921, the bill was again amended so as to meet the answer of respondent A. J. Smith by setting up certain facts not necessary now to note and alleging that the deed of said respondent was obtained by the exercise of undue influence, and it was sought to be canceled. The bill, therefore, as last amended, was one seeking, for its prime object, a sale of land therein described, for division among tenants in common, and a cancellation of the deed to A. J. Smith as incidental, and for the purpose of making the partition more effective. Long v. Long, 195 Ala. 560, 70 So. 733.

In January, 1923, decrees pro confesso were entered by the register against respondents Simmons, Atkins, and Lita Belle Smith. Evidence was taken by deposition and the cause was submitted for final decree on pleadings and proof as noted, and a decree rendered dismissing the bill. From this decree the complainant has prosecuted the appeal.

In filing the amendments to the bill, the complainant failed to observe the provisions of the act of September 22, 1915, regarding notice to the respondents as therein required. Gen. Acts 1915, p. 706; Farmers' State Bank v. Inman, 208 Ala. 281, 94 So. 105; Farmers' State Bank v. Inman, 207 Ala. 284, 92 So. 604.

─────────────────────────────────────────

The bill as last amended was not answered by several of the respondents, nor was decree pro confesso entered against them. There was no answer filed to the bill as amended by the guardian ad litem for the minors. The decree appears to rest upon a consideration of the cause upon its merits. But the court should not have decreed upon the cause in the condition of the record as above disclosed, as it was not properly at issue. The proper course for the court to have pursued under these circumstances was to set aside the submission, so that the cause may be prepared for submission, and if the court was of the opinion the complainant was at fault as to failure to have the case properly at issue when it was submitted, such terms could have been imposed as might be considered proper. Darling v. Hanlon, 197 Ala. 455, 73 So. 20.

The decree rendered upon the merits while the cause was not at issue was error. It will be here reversed and the cause remanded to be proceeded with in accordance with the views herein expressed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.